# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* AARON PORTER. No. 06-P-182. September 5, 2007.
*Burglary. Possession of Burglarious Instruments.*

The defendant appeals from convictions of unarmed burglary, G. L. c. 266, § 15, and possession of burglarious instruments, G. L. c. 266, § 49, based on evidence that he was caught breaking into the home of veteran Springfield police Detective William Kelly.

Around midnight on the evening of June 6-7, 2004, after checking that all of the windows and doors of his house were locked, Detective Kelly heard a noise "like a table moved." Upon investigation, he observed that the blind on a computer room window was off the window sill and hanging down. He then heard a sound "like metal popping . . . like the metal doors" coming from the front of the house and went outside to investigate. He discovered the defendant standing on the front porch between the storm door and the front door, with both hands on the front door handle. When the defendant took his hands off the handle, Detective Kelly heard "a noise." He later found, between the storm door and the front door, a pair of wire cutters that neither he nor his wife had seen earlier in the evening. Detective Kelly later observed that the storm door appeared to be "bowed out" and would not shut properly, and that the screws had been removed from the lock of the computer room window, which had been forced open.

1. *"Entry" element.* The defendant claims that he was entitled to a required finding of not guilty because the Commonwealth failed to prove that an "entry" occurred. There were two separate instances from which a jury could reasonably infer that there was an "intrusion into a protected enclosure by any part of [the] defendant's body." See *Commonwealth* v. *Burke*, 392 Mass. 688, 690 (1984), citing *Commonwealth* v. *Glover*, 111 Mass. 395 (1873); *Rex* v. *Bailey*, Russ. & Ry. 341 (1818); *Rex* v. *Davis*, Russ. & Ry. 499 (1823).

First, as stated in *Commonwealth* v. *Burke, supra* at 691, the "outer window coverings should be treated as part of the dwelling itself, and any entry beyond them, no matter if further impeded by additional window coverings, should be punished." Similarly, in the circumstances of this case, the locked storm door is a part of the "protected enclosure," and the defendant's presence between the previously locked storm door and the front door, with his hands on the front door handle, is enough to constitute an entry. See *id.* at 690-691. This conclusion is bolstered by the bowing of the storm door and the presence of wire cutters between the two doors. Also, because the side window was opened, with the screws removed from the lock, and the blinds were knocked off the window sill, a jury could reasonably infer that the defendant had reached into the house through the window, thus breaking the plane of the house and "entering" with at least his hand.

Because a reasonable jury could find that the defendant entered the protected enclosure either at the front door or through the window, there was sufficient evidence that an "entry" occurred. The defendant's motion for a required finding of not guilty of unarmed burglary was properly denied.

2. *Burglarious tools.* Because the wire cutters found between the storm door and the front door are an ordinary tool, there must be proof of an intent to use them for burglarious purposes. *Commonwealth* v. *Dellinger,* 10 Mass. App. Ct. 549, 561 (1980). This intention "must appear clearly from the circumstances in which [the tool is] found." *Ibid.* The evidence that the wire cutters were discovered between the storm door and the front door after the defendant was found in that exact location, coupled with the testimony from Detective Kelly and his wife that the tool had not been there earlier that evening, was sufficient to infer the defendant's constructive possession of the tool and his intent to use the instrument for a burglarious purpose. See *Commonwealth* v. *Rousseau,* 61 Mass. App. Ct. 144, 151 (2004).

*Judgments affirmed.*

*William R. Hill, Jr.,* Committee for Public Counsel Services, for the defendant.

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.